Argued February 11, affirmed March 17, 1977

WAGGONER, *Appellant,*
*v.*
HARALAMPUS et al, *Respondents.*
(No. 74-254, SC 24415)

561 P2d 586

Gerald R. Pullen, Portland, argued the cause and filed the brief for appellant.

Cleveland C. Cory, Portland, argued the cause for respondent Pioneer National Title Insurance Company, a corporation. With him on the brief was Robert C. MacDonald, Astoria.

Thomas Sauberli, Portland, argued the cause for respondent William M. Zerman, dba Golden Arrow Realty. With him on the brief were Vergeer, Samuels, Roehr & Sweek, Portland.

Stephen L. Roman, Astoria, filed a brief for respondents Alexander Haralampus and Elaine Hansen. With him on the brief were Zafiratos & Roman, Astoria.

Before Howell, Presiding Justice, and Bryson, Linde and Mengler, Justices.

MENGLER, Justice Pro Tempore.

**MENGLER, J.,** Pro Tempore.

This is an appeal from a judgment for the defendants Haralampus and Hansen entered on a jury verdict in an action at law for money had and received. Involuntary nonsuits were granted as to all other defendants.

The plaintiff, as buyer, and the defendants Haralampus and Hansen, as sellers, on January 15, 1973, signed an earnest money receipt for the sale of a restaurant known as Hara's. The earnest money receipt provided in part: "Sale is contingent on approval of city license and OLCC commission." One thousand dollars was paid as earnest money. The balance of a $20,000 downpayment was to be made upon delivery of a preliminary title report and the execution of a contract of sale. Several weeks prior to the execution of the contract, plaintiff brought a certified check for $19,000 to the office of defendant Zafiratos, attorney for the sellers. A contract of sale was executed March 12, 1973, which provided that the sum of $20,000 was to be paid upon execution.

The parties to the sale also executed on March 12, 1973, two sets of escrow instructions. The first, signed by the plaintiff, recited that he was paying herewith $667.75 covering estimated closing costs, and that "[y]ou have received my deposit in the amount of $20,000.00." The instructions further authorized the escrow agent upon issuance of the title insurance policy to pay the escrow agent $128.75 for escrow and recording fees, $539.01 for property taxes, and $20,000 as downpayment. The second set of escrow instructions was signed by the defendants Haralampus and Hansen. They authorized the escrow agent, upon issuance of a title insurance policy, to pay the following:

1. Defendant Pioneer National $308.75
2. Defendant Zafiratos $500
3. Defendant Golden Arrow Realty $6,300
4. Clatsop County Tax Collector $1,502.48
5. Balance to sellers

The closing on March 12, 1973, at the office of the defendant Pioneer National, was attended by the defendants Haralampus and Hansen; the plaintiff; Golden Arrow Realty; a Mrs. Simpson, an employe of the escrow agent; and defendant Zafiratos (who was not present throughout). The testimony is that the plaintiff there agreed that it was all right for the escrow agent to disburse the funds. Thereafter the escrow was closed and the money was distributed by the defendant Pioneer National in accordance with the instructions. Subsequently, plaintiff's application for a liquor license was denied.

Plaintiff testified that he received from defendant Pioneer National a check for $6 and an escrow statement, which is a detailed summary of the distribution. He also testified that he cashed the check. He testified that he understood the money had been disbursed, and that he made no objection to the defendant Pioneer National. No demand was made upon any of the defendants until May 1974 when the action was filed.

The first assignment of error is that the court erred in allowing defendants' motion to strike the allegations of conversion from plaintiff's amended complaint on the ground that a sum of money cannot be the subject of conversion.

■ The general rule is that conversion will lie when the money was wrongfully received by the party charged with conversion, or an agent is obligated to return specific money to the party claiming it. *Salem Traction Co. v. Anson,* 41 Or 562, 67 P 1015, 69 P 675 (1902); *Wood Ind'l Corp. v. Rose,* 271 Or 103, 530 P2d 1245 (1975).

■ The evidence is that $1,000 earnest money was paid to the defendants on January 15, 1973, and turned over, without objection by plaintiff, to the escrow agent on March 12, 1973, as part of the required downpayment. The $19,000 balance of the downpayment was delivered in the form of a certified check to the defendant Zafiratos, attorney for the sellers, sever-

al weeks prior to March 12, 1973, and apparently it was negotiated to the escrow agent on that date without objection from the plaintiff. In accordance with ORS 696.560, which requires an escrow agent to deposit funds in an escrow account, the defendant Pioneer National deposited the certified check, the $1,000 earnest money, and other miscellaneous funds into its escrow bank account. A jury could not therefore find that the defendant Pioneer National converted the funds under the theory of *Huszar v. Certified Realty Co.,* 272 Or 517, 538 P2d 57 (1975).

There is no evidence that the funds here were received wrongfully, or that there was an obligation to return specific money to the plaintiff.

The trial court did not commit reversible error by allowing the motion to strike the conversion allegations from the amended complaint.

■ The second assignment of error is that the trial court erred in allowing the motions for involuntary nonsuit in favor of defendants Pioneer National and Golden Arrow Realty. A party appealing from an order of involuntary nonsuit is entitled to have the evidence viewed in a manner most favorable to him. In reviewing the sufficiency of the evidence, this court is required to assume the truth of the evidence offered and to give the appellant benefit of all reasonable inferences from the evidence. *Howard v. Sloan,* 264 Or 247, 504 P2d 735 (1972).

■ The evidence is that the defendant Pioneer National complied with the provisions of ORS 696.560, and with the escrow instructions.

The trial court did not err in allowing the motion for involuntary nonsuit in favor of the defendant Pioneer National.

■ In accordance with its escrow instructions, the defendant Pioneer National paid certain sums of money to the defendant Golden Arrow Realty, which was an admitted creditor of the defendants Haralam-

pus and Hansen. The plaintiff signed escrow instructions in which he directed the escrow agent upon issuance of title insurance policy to disburse $20,000 to the sellers. He was present at the closing on March 12, 1973, and approved distribution. Subsequently, he received an escrow statement dated March 14, 1973, showing that $6,300 had been distributed to Golden Arrow Realty, $500 to Nicholas Zafiratos, $1,502.48 as taxes to Clatsop County, and the balance to the sellers. He voiced no objection.

There is no evidence from which the jury could have found that the defendants had and received funds which were owned by the plaintiff.

The court did not err in allowing the motions for involuntary nonsuit in favor of the defendant Golden Arrow Realty.

Affirmed.