Argued and submitted February 23, 2021; judgment for defendants Dolich and Josephson on plaintiffs' twelfth and thirteenth claims and for defendant Dolich on plaintiffs' fifth claim reversed and remanded, otherwise affirmed September 14, 2022

Nancy ALLISON;
Holly Rice, fka Holly Burney;
and Teal Garrels,
*Plaintiffs-Appellants,*

*v.*

Scott DOLICH;
Anna Josephson; Park Kitchen, LLC;
and The Bent Brick, LLC,
*Defendants-Respondents.*

Multnomah County Circuit Court
14CV07294; A170480

518 P3d 591

Plaintiffs Allison and Rice appeal from a judgment largely in their favor on statutory and common-law claims brought on their own behalf and on behalf of a certified class of plaintiffs against restaurant defendants Park Kitchen, LLC and The Bent Brick, LLC, and the individual defendants—the restaurants' owner Scott Dolich and general manager Anna Josephson. Plaintiffs assign error to the trial court's dismissal of a claim against Dolich for the conversion of tip money and a claim against Dolich and Josephson for retaliation in violation of ORS 659A.030(1)(f). Plaintiffs also assign error to the granting of summary judgment to Dolich and Josephson on their claim alleging a violation of ORS 659A.030(1)(g) based on the individual defendants having "abetted or incited" the LLCs' violations, and on their claim that defendants violated ORS 659A.230(1) by terminating their employment in retaliation for bringing a civil proceeding. *Held*: The Court of Appeals concluded that the trial court did not err in granting defendants' motion for summary judgment on the retaliation claim alleged under ORS 659.230(1), because the evidence in the record on summary judgment would not support a finding that plaintiff Rice brought a civil proceeding within the meaning of ORS 659A.230(1) when she made inquiry with the Oregon Bureau of Labor and Industries concerning the legality of tip pooling. But the Court of Appeals reversed the trial court on other rulings: The court concluded that the trial court erred in dismissing plaintiff's claim against Dolich and Josephson under ORS 659A.030(l)(g) for aiding, abetting, or inciting violations of ORS chapter 659(A), explaining that the plain text of ORS 659A.030(l)(g) applies to "any person" and that any person making decisions on behalf of a business-entity employer has the potential for aid or abet liability. The court also concluded that the trial court erred in dismissing the individual defendants from plaintiffs' claim alleging retaliation in violation of ORS 659A.030(1)(f) based on the conclusion that the claim had not been alleged against the individual defendants; a liberal reading of the complaint requires the conclusion that the claim was alleged as against the individual defendants. The court further concluded that the trial court erred in granting Dolich's motion for directed verdict and then dismissing the claim for conversion of tip moneys, reasoning that, contrary to the assumed

basis for the trial court's conclusion, it was not necessary that plaintiffs establish that Dolich took physical possession of tip moneys.

Judgment for defendants Dolich and Josephson on plaintiffs' twelfth and thirteenth claims and for defendant Dolich on plaintiffs' fifth claim reversed and remanded; otherwise affirmed.

Kathleen M. Dailey, Judge.

Jon M. Egan argued the cause and filed the brief for appellants.

No appearance for respondents.

Richard B. Myers and Bennett Hartman, LLP, filed the brief *amicus curiae* for Oregon Trial Lawyers Association.

Before Mooney, Presiding Judge, and Egan, Judge, and Pagán, Judge.*

EGAN, J.

Judgment for defendants Dolich and Josephson on plaintiffs' twelfth and thirteenth claims and for defendant Dolich on plaintiffs' fifth claim reversed and remanded; otherwise affirmed.

_____

* Egan, J., *vice* DeVore, S. J.; Pagán, J., *vice* DeHoog, J. pro tempore.

**EGAN, J.**

Plaintiffs Nancy Allison and Holly Rice[1] brought this tort action on their own behalf and on behalf of a certified class of employees of two restaurants, defendants Park Kitchen, LLC and The Bent Brick, LLC, alleging violations of ORS chapter 659A based on, among other acts, defendants' imposition of unlawful tip pooling. The restaurants are owned by defendant Scott Dolich. Defendant Anna Josephson was general manager of both restaurants.

The relevant facts are undisputed. Plaintiffs Allison and Rice worked as servers at Dolich's restaurants. Dolich developed a "tip pooling" policy that required that customers' tips be pooled and shared among employees, including Josephson and other employees not directly involved in the service of restaurant customers. Dolich fired Allison after she repeatedly expressed to her coworkers and to Dolich her disagreement with the tip-pooling policy and her view that it was illegal, and after Dolich learned that Rice had sought information about the legality of the tip-pooling policy from an attorney and from the Wage and Hour Division of the Oregon Bureau of Labor and Industries (BOLI). Josephson fired Rice when she refused to sign a tip-pooling agreement.

Plaintiffs brought a myriad of common-law and statutory wage, tip, and employment-related claims against the LLCs and the individual defendants on behalf of a class of employees, and also brought claims against the individual defendants on their own behalf. Most of the claims against the LLCs went to the jury, which returned verdicts for plaintiffs. The court ruled for the individual defendants on several of the claims brought by the individual plaintiffs, either through dismissal, summary judgment, or directed verdict, and plaintiffs' assignments relate to those rulings. As explained below, we agree with plaintiffs that the trial court erred with respect to three of its rulings on claims against the individual defendants.

We begin with plaintiffs' contention, in their first assignment of error, that the trial court erred in

---

[1] Plaintiff Holly Rice was formerly known as Holly Burney. In this opinion, we use her current name.

granting summary judgment to the individual defendants on plaintiffs' twelfth claim, which alleged a violation of ORS 659A.030(1)(g), based on the individual defendants having "abetted or incited" the LLCs' violations. In reviewing the trial court's ruling granting defendants' motion for summary judgment, we view the record in the light most favorable to plaintiffs to determine whether defendants met their burden of demonstrating that no genuine issues of material fact exist and that they were entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997); ORCP 47 C.

The issue presented is a legal one. Under ORS 659A.030(l)(g), it is unlawful to "aid, abet, incite, compel, or coerce" employment practices that are unlawful under ORS chapter 659A. The dispute on appeal turns on the narrow legal question whether, in a claim for violations under ORS chapter 659A against an LLC employer, the LLC's member and owner or chief executive may be liable for aiding or abetting the LLC's violations.

In granting the individual defendants' motion for summary judgment, the trial court was persuaded by decisions of the Oregon federal district court that have held that a person with executive authority who acts on behalf of a business-entity employer through decision-making resulting in liability under ORS chapter 659A cannot be said to have aided or abetted the person's own decision-making in directing the business. The trial court concluded that the individual defendants' decisions resulting in the LLCs' violations were made on behalf of the LLCs and that, because of that, the individual defendants could not be personally liable for aiding or abetting the LLCs.

On appeal, plaintiffs contend that the text of ORS 659A.030(l)(g) requires the conclusion that a person making decisions on behalf of a business-entity employer can be found personally liable for having aided, abetted, or incited the business entity's violation of ORS chapter 659A. ORS 659A.030(l)(g) provides:

"It is an unlawful employment practice:

"* * * * *

> "(g) For any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so."

The precise question here is whether the legislature intended to impose aider or abettor liability on a person who undertakes to make decisions on behalf of a business-entity employer, resulting in the entity's liability under ORS chapter 659A.[2] It is a question of statutory construction that we consider pursuant to the template described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). As explained below, we conclude that the trial court erred in determining that there can be no such liability here.

As plaintiffs note, the plain text of ORS 659A.030(l)(g) applies to "any person." In plaintiffs' view, that means that any person making decisions on behalf of a business-entity employer has the potential for aid or abet liability. We agree with plaintiffs that "any person" includes a business-entity employer's principal decision-maker directing the entity.[3] *See Hernandez v. Catholic Health Initiatives*, 311 Or App 70, 74, 490 P3d 166 (2021) (noting the "broad definition" of "any person" and holding that "[a]nyone qualifying as a 'person' under ORS 659A.001(9) may be an aider or abettor of an

---

[2] We note, as an aside, that although ORS 63.165(1) provides that a member or manager of an LLC is not personally liable for the LLC's debts, obligations, and liabilities solely by reason of being or acting as a member or manager, an LLC member is not insulated from liability for the person's own acts. The Supreme Court said in *Cortez v. Nacco Materials Handling Group*, 356 Or 254, 268-69, 337 P3d 111 (2014):

> "Unlike limited partners, members or managers who participate in or control the business of an LLC will not, as a result of those actions, be vicariously liable for the LLC's debts, obligations, or liabilities. However, a member or manager remains responsible for his or her acts or omissions to the extent those acts or omissions would be actionable against the member or manager if that person were acting in an individual capacity."

Thus, ORS 63.165(1) would not shelter Dolich from personal liability under ORS 659A.030(l)(g) for acts that he undertook on his own behalf.

[3] We recently addressed ORS 659A.030(l)(g) in *Frehoo, Inc. v. BOLI*, 319 Or App 548, 510 P3d 888 (2022), but did not consider the precise question here, whether a person directing the business of an employer through decisions that result in liability of the employer for violations under ORS chapter 659A can be held liable for aiding, abetting, or inciting the violations.

unlawful employment practice in a way that subjects them to liability under ORS 659A.030(1)(g)").

The remaining question is whether the individual defendants here can be said to have aided or abetted the unlawful acts of the LLCs. One who aids or abets is one who assists another to commit an act. *See State v. Rosser*, 162 Or 293, 344, 86 P2d 441 (1939) (an "aider and abettor" is one who advises, counsels, procures, or encourages another to commit a crime). It is undisputed that here, Dolich and Josephson directed the LLCs to act in ways that resulted in violations of ORS chapter 659A by developing and implementing the tip-pooling policy and carrying out plaintiffs' terminations when they objected. We understand the trial court's reasoning that a person who is acting for an LLC, rather than on the person's own behalf, cannot logically be said to have also aided or abetted the LLC. But, as plaintiffs argue, the term "any person" as used in ORS 659A.030(l)(g) is broad enough to cover those persons who act on behalf of the employer—indeed, the statute expressly references "an employer or an employee." We think that the legislature's intention was that the persons directing the business-entity employer's unlawful conduct can be held individually liable under ORS 659A.030(l)(g). The trial court's reasoning is inconsistent with that construction. We conclude that, whether the individual defendants were acting in their personal capacities or on behalf of the LLCs, they were "persons" who assisted the LLCs by making the decisions that enabled the violations. The trial court therefore erred in determining that the individual defendants could not be found liable for aiding or abetting the LLCs under ORS 659A.030(1)(g) and in granting summary judgment to the individual defendants on plaintiffs' twelfth claim.

We turn to plaintiffs' second assignment of error. ORS 659A.230(1) provides, in part:

"It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee *** for the reason that the employee has *** in good faith brought a civil proceeding against an employer[.]"

Plaintiffs alleged that when Rice suspected that defendants' tip-pooling policy was in violation of state law, she "consulted with [the Bureau of Labor and Industries (BOLI)] and a private attorney." In her affidavit, Rice stated that she told Dolich that she had talked to the Wage and Hour Division and that tip pooling was not legal, and that defendants then terminated her employment when she refused to sign a tip-pooling agreement. In the fifteenth claim of their second amended complaint, plaintiffs alleged that defendants violated ORS 659A.230(1) by terminating their employment in retaliation for "initiating a civil proceeding and/or reporting criminal activity." In granting the individual defendants' motion for summary judgment on that claim, the trial court reasoned that, under our case law, *Huber v. Dept. of Education*, 235 Or App 230, 238, 230 P3d 937 (2010), Rice's oral communication with BOLI would not constitute bringing a "civil proceeding," as required by ORS 659A.230(1).

In their second assignment, the individual plaintiffs assign error to that ruling. They note that BOLI's administrative rule, OAR 839-010-0140, provides:

"Under ORS 659A.230 and these rules, an employee is protected in activities related to civil proceedings. A civil proceeding, as used in ORS 659A.230 and these rules, includes a proceeding before an administrative agency or a court. The employee is protected under the statute if:

"(1)  The employee has brought, in good faith, a civil proceeding against an employer.

"(a)  Bringing a civil proceeding, as used in ORS 659A.230 and the rules, includes filing complaints to or cooperation with administrative agencies as well as courts.

"(b)  An employee is considered to have initiated a civil proceeding when the employee has contacted an administrative agency the employee believes in good faith to have jurisdiction and the ability to sanction the employer."

Plaintiffs contend that, under BOLI's administrative rule, contacting BOLI with questions concerning defendants' tip policy is the equivalent of bringing a civil proceeding, and that retaliation for that conduct therefore constitutes a violation of ORS 659A.230(1).

The trial court was correct that, in *Huber*, we held without extensive discussion that an employee's complaint to an administrative agency was an "administrative matter"—not a criminal or civil action—and therefore not protected by ORS 659A.230. In *Huber*, we did not refer to OAR 839-010-0140. Plaintiffs contend that *Huber* was wrongly decided and should be overruled. We are inclined to agree with plaintiffs that ORS 659A.230 does not limit a "civil proceeding" to a *judicial* civil proceeding, and that a complaint filed with an administrative agency for the purpose of seeking a remedy for the employer's unlawful conduct initiates a civil proceeding. *See Lamson v. Crater Lake Motors, Inc.*, 346 Or 628, 640, 216 P3d 852 (2009) (ORS 659A.230 protects employees "when they report unlawful actions of others by means of civil or criminal channels recognized by law[.]").

But we need not overrule *Huber* in this case. Even assuming that a "civil proceeding" as used in ORS 659A.230(1) includes an administrative proceeding, the statute still requires that a civil proceeding be "brought." ORS 659A.230(1) (providing that it is a violation to retaliate for the "reason that the employee has *** in good faith brought a civil proceeding against an employer"). *See Mantia v. Hanson*, 190 Or App 36, 41 n 3, 77 P3d 1143 (2003), *rev den*, 336 Or 615 (2004) (holding that a plaintiff's complaint to the employer about "allegedly unsafe work conditions and threat[] to complain to Oregon occupational safety authorities about those conditions" was not protected by that statute). There is no evidence in the record on summary judgment that Rice contacted BOLI for the purpose of bringing a civil proceeding.

We recognize that our conclusion might be seen as at odds with OAR 839-010-0140(1)(b). But we think that the rule can be applied in a way that does not conflict with our interpretation of the statute. The rule states that "bringing a civil proceeding, as used in ORS 659A.230," "includes filing complaints to or cooperation with administrative agencies as well as courts." OAR 839-010-0140(1)(a). The rule appears to contemplate the filing or pendency of a civil proceeding before a court or an agency. The statement in OAR 839-010-0140(1)(b) that "[a]n employee is considered

to have initiated a civil proceeding when the employee has contacted an administrative agency the employee believes in good faith to have jurisdiction and the ability to sanction the employer" can be understood to explain that the protection from retaliation afforded by ORS 659A.230 for bringing a civil proceeding extends to persons who mistakenly contact an agency for the purpose of bringing a proceeding, believing in good faith that the agency has jurisdiction and the ability to sanction the employer. In view of our conclusion that ORS 659A.230 requires that the person bring a proceeding, the "contact" of the agency described in OAR 839-010-0140(1)(b) must have been for the purpose of initiating a civil proceeding. We conclude that the evidence on summary judgment does not support a finding that Rice's BOLI inquiry was a civil proceeding brought against defendants within the meaning of ORS 659A.230(1). We therefore affirm the trial court's ruling granting defendants' motion for summary judgment on plaintiffs' fifteenth claim.

In their third assignment, plaintiffs contend that the trial court erred in dismissing the individual defendants from plaintiffs' thirteenth claim, which alleged retaliation in violation of ORS 659A.030(1)(f). The trial court based its ruling on the conclusion that the thirteenth claim was not alleged against the individual defendants.

We agree with plaintiffs that the trial court erred. The second amended complaint included sixteen claims. Although claim headings are not generally considered to be substantive, *Granewich v. Harding*, 329 Or 47, 53 n 1, 985 P2d 788 (1999), here they assist in determining whether the thirteenth claim was intended to be alleged as against the individual defendants. The heading for each claim of the complaint states whether the claim is alleged by the class or by the individual plaintiffs. The heading for each claim also states whether it is alleged only against the LLCs or only against the individual defendants. For example, the seventh claim's heading states: "Class Claim/Tortious Breach of Duty of Good Faith and Fair Dealing (Tips)/LLC Defendants." In the context of the complaint as a whole, it is clear that the seventh claim is alleged by the class as against the LLC defendants. The fourteenth claim's heading states: "Individual Claim by Allison and [Rice]/Retaliation ORS

659A.199/Park Kitchen." In the context of the complaint as a whole, it is clear that the fourteenth claim is alleged by the individual plaintiffs as against Park Kitchen only. The twelfth claim's heading states: "Individual Claim by Allison and [Rice]/Abetting or Inciting/Individual Defendants." In the context of the complaint as a whole, it is clear that the twelfth claim is alleged by the individual plaintiffs as against the individual defendants. The headings of some claims do not specify whether they are against an LLC or individual defendants. For example, the ninth claim has the heading "Class Claim/Unjust Enrichment." The tenth claim has the heading "Class Claim/Money Had and Received." There is no dispute that those claims are alleged as against all defendants, including the individual defendants. The heading of the thirteenth claim is similar: "Individual Claim by Allison and [Rice]/Retaliation ORS 659A.030(1)(f)." More significantly, the *allegations* of the thirteenth claim are directed against "defendants," not against specifically identified defendants. We agree with plaintiffs that, as liberally construed, ORCP 12 A ("All pleadings shall be liberally construed with a view of substantial justice between the parties."), the thirteenth claim alleges a claim against all defendants. We therefore conclude that the trial court erred in dismissing that claim as against the individual defendants.[4]

Finally, we address plaintiffs' contention in their fifth assignment of error that the trial court erred in granting a directed verdict to Dolich on their conversion claim. Plaintiffs' fifth claim, with the heading "Class Claim/ Conversion (Tips)"[5] alleged:

> "By misappropriating the tip pool funds entrusted to them, defendants exercised unlawful dominion and control over the property, which completely interfered with the employees' right to control it, so that defendants may justly be required to repay the full value of the property. This breach of bailment contract and of trust and of

---

[4] In view of our conclusion, we need not address plaintiffs' fourth assignment, in which they allege that the trial court erred in denying their motion to amend the complaint.

[5] We note that there is no dispute that the conversion claim was alleged against all defendants, including the individual defendants.

fiduciary responsibilities qualifies as, and is enforceable as, conversion."

The trial court granted Dolich's motion for a directed verdict on the claim. The court did not state its reasoning, but we can assume that the court agreed with defendants' contention that Dolich could not have committed conversion, because he never had physical possession of the tip pool funds.

A directed verdict is appropriate only if the court can affirmatively say that there is no evidence from which a jury could find facts necessary to establish each element of the claim. *Ballard v. City of Albany*, 221 Or App 630, 639, 191 P3d 679 (2008). We review the trial court's ruling on a motion for directed verdict for legal error. *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317, 129 P3d 773, *rev den*, 341 Or 366 (2006).

"Conversion" is the "'intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.'" *Mustola v. Toddy*, 253 Or 658, 663, 456 P2d 1004 (1969) (quoting *Restatement (Second) of Torts* § 222A(1) (1965)).[6] Under Oregon law, money can be the requisite chattel (*i.e.*, can be converted) "when the money was wrongfully received

---

[6] In *Mustola*, the court adopted the *Restatement*'s definition of the elements of the tort of "conversion":

"'(1) Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

"'(2) In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

"'(a) the extent and duration of the actor's exercise of dominion or control;

"'(b) the actor's intent to assert a right in fact inconsistent with the other's right of control;

"'(c) the actor's good faith;

"'(d) the extent and duration of the resulting interference with the other's right of control;

"'(e) the harm done to the chattel;

"'(f) the inconvenience and expense caused to the other.'"

253 Or 663-64 (quoting *Restatement (Second) of Torts* § 222A (1965)).

by the party charged with conversion, or an agent is obligated to return specific money to the party claiming it." *Waggoner v. Haralampus*, 277 Or 601, 604, 561 P2d 586 (1977); *see also Duty v. First State Bank of Oregon*, 71 Or App 611, 619, 693 P2d 1308, *rev den*, 298 Or 822 (1985) (denying defendant's motion for directed verdict on conversion claim where "the money was wrongfully received by [the defendant], which had no claim to the funds that Bank was supposed to hold in trust").

The trial court did not explain its reason for granting defendants' motion on the conversion claim as to Dolich and allowing the claims against the LLCs and Josephson to proceed, but it appears likely, as we have noted, that the court based its ruling on the absence of evidence that Dolich took physical possession of tip money. But Dolich's physical possession of tip money was not a prerequisite for liability for conversion, if Dolich exercised dominion or control over the tips so as to interfere with plaintiffs' right of control. An exercise of dominion or control does not require retention of the property. Rather, a person exercises dominion or control when the interference deprived the other party of the right to their property. *See Fogh v. McRill*, 153 Or App 159, 167, 956 P2d 236, *rev den*, 327 Or 431 (1998); *see also Restatement (Second) of Torts* § 222A, comment a (1965) ("Since any interference with the chattel is to some extent an exercise of 'dominion,' the difference between [a mere interference and possession] becomes almost entirely a matter of degree."). Here, the evidence permitted a jury finding that Dolich exercised control so as to deprive plaintiffs of tip money to which they were lawfully entitled. Accordingly, we conclude that the trial court erred in granting Dolich's motion for directed verdict.

Judgment for defendants Dolich and Josephson on plaintiffs' twelfth and thirteenth claims and for defendant Dolich on plaintiffs' fifth claim reversed and remanded; otherwise affirmed.