278 April 8, 2026 No. 280

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Tom BUTORI,
*Plaintiff-Respondent,*

*v.*

Henry BOSMA,
aka Hank Bosma,
and Bosma Enterprises, Inc.,
a Washington corporation,
*Defendants-Appellants,*

*and*

Henrietta BOSMA
and VB Construction, Inc.,
an Oregon domestic corporation dba Vinson Brothers,
*Defendants.*

Clatsop County Circuit Court
20CV16832; A181266

Beau V. Peterson, Judge.

Argued and submitted November 5, 2024.

Jonathan M. Radmacher argued the cause for appellants. Also on the briefs was McEwen Gisvold, LLP.

Jonathan Henderson argued the cause for respondent. Also on the brief was Davis Rothwell Earle & Xóchihua, P.C.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

ORTEGA, P. J.

Affirmed.

_____
 * O'Connor, J., *vice* Mooney, S. J.

**ORTEGA, P. J.**

Defendants Henry Bosma and Bosma Enterprises, Inc., appeal a judgment awarding plaintiff Tom Butori $810,000 in treble damages after a jury returned a verdict finding that defendants willfully or intentionally committed timber trespass on plaintiff's property.[1] *See* ORS 105.810(1) (providing cause of action for timber trespass and for treble damages if a timber trespass is willful or intentional).[2] Defendants raise three assignments of error, contending that the trial court erred in (1) admitting hearsay during plaintiff's testimony, (2) admitting evidence of a settlement agreement of a prior timber trespass dispute between the same parties, and (3) denying defendants' motion for directed verdict on the ground that there was insufficient evidence to hold defendant Bosma personally liable.

We conclude that the trial court correctly overruled defendants' hearsay objection because plaintiff's challenged testimony was not hearsay; that the trial court acted within its discretion to admit evidence of the prior settlement agreement, including a copy of the agreement with redactions, with a limiting instruction; and that there was sufficient evidence that defendant Bosma directed the trespass in his personal capacity to defeat his motion for a directed verdict. We therefore affirm.

---

[1] Defendants Henrietta Bosma and VB Construction, Inc. were dismissed from this case before trial and are not parties to this appeal.

[2] ORS 105.810(1) provides:

"(1) Except as provided in ORS 477.089 and 477.092 and subsections (4) to (7) of this section, whenever any person, without lawful authority, willfully injures or severs from the land of another any produce thereof or cuts down, girdles or otherwise injures or carries off any tree, timber or shrub on the land of another person, or of the state, county, United States or any public corporation, or on the street or highway in front of any person's house, or in any village, town or city lot, or cultivated grounds, or on the common or public grounds of any village, town or city, or on the street or highway in front thereof, in an action by such person, village, town, city, the United States, state, county, or public corporation, against the person committing such trespasses if judgment is given for the plaintiff, it shall be given for treble the amount of damages claimed, or assessed for the trespass. In any such action, upon plaintiff's proof of ownership of the premises and the commission by the defendant of any of the acts mentioned in this section, it is prima facie evidence that the acts were committed by the defendant willfully, intentionally and without plaintiff's consent."

We briefly state the factual background of this case and provide additional facts in our analysis of each assignment of error. When plaintiff filed his complaint in 2020, plaintiff and defendant Bosma Enterprises, Inc., in which defendant Bosma had an ownership interest, owned adjacent parcels of real property, government Lots 6 and 7. Plaintiff alleged that in 2018 defendant Bosma hired VB Construction, Inc. to do construction work on defendants' property and, in the course of performing that work, knowingly and willfully trespassed onto plaintiff's property and removed, or caused to be removed, certain trees, shrubs, and other plants in an area approximately 150 feet beyond the property line. Defendants' primary defense was to dispute plaintiff's claim that the area in question was on plaintiff's property by presenting opposing evidence of the property line between the parties' properties. The jury returned a verdict in favor of plaintiff and found that defendants' timber trespass was willful or intentional. This appeal followed.

## HEARSAY

In their first assignment of error, defendants assert that the trial court erred in admitting hearsay during plaintiff's testimony regarding his belief about the property line in dispute. The parties agree that the trial court correctly sustained defendants' hearsay objection when plaintiff started to relate what the county surveyor had told him:

"[PLAINTIFF'S COUNSEL:]   And did you draw a new conclusion about where the property line was between your property and what's now owned by Mr. Bosma, which then was owned by Mr. Hess?

"[PLAINTIFF:]   I definitely did.

"[PLAINTIFF'S COUNSEL:]   Okay. And what was your new conclusion?

"[PLAINTIFF'S COUNSEL:]   Well, my new conclusion was that we'd found the lost corner which defined the—the line between the two properties. I talked to the county surveyor about it. In fact, he came and met me on the property and—and looked—

"[DEFENSE COUNSEL:]   I would object on the basis of hearsay unless they're going to produce that witness.

"[PLAINTIFF:]   And—

"THE COURT:   Hang on. So at least at this point, I'll sustain that. If—if you got a—a different foundation, go— go ahead, but go ahead and ask another question, if you would."

But defendants contend that the reframed question also called for hearsay:

"[PLAINTIFF'S COUNSEL:]   [N]ot discussing on what [the county surveyor] may have told you, but it sounds like you had a meeting at the property with [him] around this time frame.

"[PLAINTIFF:]   Yes, I did.

"[PLAINTIFF'S COUNSEL:]   And based on that meeting, did you develop your own understanding about the property?

"[DEFENSE COUNSEL:]   I would object on the same basis, Your Honor. It's getting at the same issue."

After the parties conferred with the court in a sidebar, the court overruled defendants' hearsay objection:

"THE COURT:   All right. At this point, that specific objection would be overruled. Mr. Butori, you can answer that question, if you would. Your attorney can repeat it.

"* * * * *

"[PLAINTIFF'S COUNSEL:]   Based on your observing the brass cap in the—in the dirt, the Carsonite post, and your meeting with Mr. Steve Thornton, the county surveyor at the time, did you believe—did you develop a belief as to where the property line was between government Lots 6 and 7?

"[PLAINTIFF:]   Yes, I did.

"[PLAINTIFF'S COUNSEL:]   And what was that belief?

"[PLAINTIFF'S COUNSEL:]   That that property line that's shown on that map is the correct line."

In defendants' view, after the trial court correctly sustained their hearsay objection to plaintiff's attempt to testify to what the county surveyor had told him, plaintiff's counsel

"doubled-down" in asking how plaintiff's conversation with the county surveyor affected plaintiff's "irrelevant opinion about his property line, impliedly injecting that same hearsay into the case[.]" Plaintiff responds that the testimony was not hearsay because he did not convey an out-of-court statement but rather testified to his own belief. We agree with plaintiff.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." OEC 801(3). A "statement" is "[a]n oral or written assertion" or "[n]onverbal conduct of a person, if intended as an assertion." OEC 801(1). "A person makes an assertion when that person speaks, writes, acts, or fails to act with the intent to convey an expression of fact or opinion." *State v. Carlson*, 311 Or 201, 207 n 7, 808 P2d 1002 (1991). "The word assertion simply means to say that something is so, *e.g.* that an event happened or that a condition existed." *Id.* (internal quotation marks, emphasis, and citation omitted).

Here, defendants fail to identify the out-of-court "statement" in plaintiff's challenged testimony. Although plaintiff testified to his own belief regarding the location of the property line between his and defendants' property, and that that belief was based in part on his conversation with the county surveyor, plaintiff did not convey any statement or assertion—out-of-court or otherwise—made by the county surveyor. The trial court therefore did not err in overruling defendants' hearsay objection.

## PRIOR SETTLEMENT AGREEMENT

In their second assignment of error, defendants contend that the trial court erred in admitting evidence of a settlement agreement as to a prior timber trespass dispute between the same parties regarding the same general area near the disputed property line, including Exhibit 68, a redacted copy of the agreement. Before trial, defendants moved to exclude evidence of the settlement agreement as prohibited by OEC 408, irrelevant under OEC 401, and highly prejudicial under OEC 403. Defendants later acknowledged that the settlement agreement could be relevant, but

they maintained that the court should exclude it under OEC 408, because it contained a specific disclaimer of liability, and under OEC 403, because it would prejudice the jury. Plaintiff responded that the agreement was relevant to whether defendants acted willfully or intentionally, rather than casually, by showing that the parties were aware that there was a disagreement about the location of the property line. The trial court ruled that Exhibit 68 was not prohibited under OEC 408 because "the offered purpose [is] not to show liability, not to show an admission of liability, but to—to show that Mr. Bosma was on—was at least on notice that there was a dispute as to that area of the property" and that the court would admit it after OEC 403 balancing because the court did not see "any prejudice that would come from * * * using [the prior settlement agreement] to sum up the * * * disagreement between the parties and to show knowledge of at least the disagreement."

Defendants further objected that the settlement agreement should be excluded under OEC 404 because the jury could draw the inference that defendants were at fault solely from the fact that they paid plaintiff to settle that prior dispute. The court acknowledged that, "although there's no admission of fault, there's an inference that someone knew they were at fault and paid money for it," and that "having the amount in there strengthens that inference. And that is an improper inference." The court therefore required Exhibit 68 to be redacted to remove any reference to the amount of consideration paid to settle the dispute but otherwise adhered to its prior ruling. In its final charge to the jury, the court instructed as follows:

> "The Court has received certain evidence for a limited purpose. The Court received evidence of the prior timber trespass dispute between the parties for a limited purpose. You may consider such evidence only for the limited purpose of determining whether Defendants acted willfully or intentionally or whether their actions were casual or involuntary. You may not consider such evidence for any other purpose."

On appeal, defendants renew their argument that the trial court should have excluded Exhibit 68 and related

testimony under OEC 408, OEC 404, and OEC 403. We conclude that the trial court did not err.

OEC 408 provides, in relevant part:

"(1)(a)   Evidence of furnishing or offering or promising to furnish, or accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

"(b)   Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

"* * * * *

"(2)(b)      Subsection (1) of this section also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

By its plain terms, OEC 408 prohibits evidence of offering a valuable consideration in compromising a disputed claim "to prove liability for * * * the claim or its amount" and "does not require exclusion when the evidence is offered for another purpose." *Cyberco Holdings, Inc. v. Con-Way Transportation*, 212 Or App 576, 587-88, 159 P3d 359, *rev den*, 343 Or 366 (2007) (so construing OEC 408) (emphasis omitted). Here, plaintiff offered Exhibit 68 not to prove liability—that defendants had in fact committed timber trespass in this case—but instead "for another purpose"—to establish that, *if* defendants committed the instant timber trespass, they did so willfully and intentionally because they were aware that the location of the property line was in dispute. Thus, OEC 408 did not require the court to exclude Exhibit 68 and related testimony.

Turning to OEC 403, that provision allows a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice[.]" Here, the trial court concluded that Exhibit 68 and related testimony was probative of whether defendants' alleged timber trespass was done "willfully or intentionally," an element of a timber trespass claim. Further, after

acknowledging that the jury could also draw an improper inference that defendants' settlement of the prior dispute for valuable consideration showed that defendants knew they were at fault despite the agreement's express disclaimer of liability, the court required the amount of the valuable consideration, which bolstered that improper inference, to be redacted, and it accordingly instructed the jury to consider evidence of the prior settlement agreement "only for the limited purpose of determining whether [d]efendants acted willfully or intentionally or whether their actions were casual or involuntary" but "not *** for any other purpose." We therefore conclude that the trial court did not abuse its discretion in admitting Exhibit 68 and related testimony after OEC 403 balancing.[3]

### DIRECTED VERDICT

In their third and final assignment of error, defendants contend that the trial court erred in denying their motion for directed verdict on the insufficiency of evidence to hold defendant Bosma personally liable for timber trespass. We review the denial of a motion for directed verdict for legal error. *Powers v. Dague*, 342 Or App 569, 573, 577 P3d 1161 (2025). "A directed verdict is appropriate only if the court can affirmatively say that there is no evidence from which a jury could find facts necessary to establish each element of the claim." *Allison v. Dolich*, 321 Or App 721, 731, 518 P3d 591 (2022). "Our task is not to weigh the evidence or to assess witness credibility. Rather, we view the evidence in the light most favorable to the nonmoving party, affording [them] every reasonable inference that can be drawn from it." *Powers*, 342 Or App at 573 (internal ellipses and citation omitted).

Here, the trial court denied defendants' motion for directed verdict on the grounds that there was "testimony

---

[3] To the extent defendants make a separate argument that the court should have excluded Exhibit 68 and related testimony under OEC 404(3), we disagree. OEC 404(3) prohibits "[e]vidence of other *** wrongs or acts *** to prove the character of a person in order to show that the person acted in conformity therewith," but allows such evidence to be admitted "for other purposes, such as proof of *** intent, *** knowledge, *** or absence of mistake or accident." As noted, the trial court admitted evidence of the prior timber trespass settlement to show defendants' knowledge of the disputed property line and ultimately to show that their actions were not mistaken or accidental, not to prove that defendants committed timber trespass.

that ties Mr. Bosma to the actions that happened here, regardless of who the deed is in the name of at least to the point sufficient to—to survive a directed verdict." We agree with the trial court.

ORS 63.165(1) provides that the liabilities of a limited liability company (LLC) arising in tort are solely the liabilities of the LLC and that a member or manager is not personally liable for an obligation of the LLC solely by reason of being or acting as a member or manager.[4] However, "an LLC member is not insulated from liability for the person's own acts." *Allison*, 321 Or App at 725 n 2. As the Supreme Court has explained:

> "Unlike limited partners, members or managers who participate in or control the business of an LLC will not, as a result of those actions, be vicariously liable for the LLC's debts, obligations, or liabilities. However, a member or manager remains responsible for his or her acts or omissions to the extent those acts or omissions would be actionable against the member or manager if that person were acting in an individual capacity."

*Cortez v. Nacco Materials Handling Group*, 356 Or 254, 268-69, 337 P3d 111 (2014).

Here, plaintiff alleged that defendant Bosma is the President, Vice President, and Chairman of Bosma Enterprises, Inc., which owns government Lot 7. Plaintiff further alleged that defendants "removed, or *caused to be removed* certain trees, shrubs, and other plants located on [p]laintiff's [p]roperty." (Emphasis added.) At trial, there was ample testimony in plaintiff's case-in-chief that defendant Bosma personally made decisions regarding government Lot 7, including hiring individuals and entities to perform

---

[4] ORS 63.165 provides, in full:

"(1) The debts, obligations and liabilities of a limited liability company, whether arising in contract, tort or otherwise, are solely the debts, obligations and liabilities of the limited liability company. A member or manager is not personally liable for a debt, obligation or liability of the limited liability company solely by reason of being or acting as a member or manager.

"(2) The failure of a limited liability company to observe the usual limited liability company formalities or requirements relating to the exercise of its limited liability company powers or management of its business is not a ground for imposing personal liability on the members or managers for liabilities of the limited liability company."

work on the property and directing their work. For example, Wickman testified that Bosma hired him in 2011 to survey government Lot 7 to produce a topographical map to aid in the construction of a road near the property line with Lot 6, and that he met with Bosma onsite to discuss the property line, during which Bosma expressed his intent to clear that area. Wickman cautioned Bosma to stay within the right of way, but Bosma was "dismissive" about Wickman's understanding of the location of the property line. Wickman further testified that Bosma hired him in 2018 to document "some clearing done on his property," which Wickman completed and testified was in an area on government Lot 6 according to earlier survey. From that evidence, the jury could reasonably infer that defendant personally, and willfully or intentionally, caused the clearing on government Lot 6. We therefore conclude that the trial court correctly denied defendants' motion for directed verdict.

Affirmed.