No. 324 April 22, 2026 701

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BROOKINGS PROPERTY, LLC,
a Wyoming limited liability company,
*Plaintiff-Respondent,*

*v.*

Sean SHIGLEY,
an individual,
and Tammy Cockrell,
an individual,
*Defendants-Appellants.*
Curry County Circuit Court
23CV33402; A184891

Cynthia Lynnae Beaman, Judge.

Argued and submitted February 19, 2026.

Sean Shigley argued the cause for appellants *pro se*. Also on the briefs was Tammy Cockrell, *pro se*.

Christopher L. Cauble argued the cause for respondent. On the brief was Chase A. S. Beguin and Cauble Furr & Beguin LLP.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendants appeal a general judgment granting plaintiff's claim for ejectment and awarding possession of the property to plaintiff. Defendants raise five assignments of error. Having reviewed the record and considered the parties' arguments, we conclude that the trial court did not err. We therefore affirm.

*Motion to Strike Defendants' Affirmative Defenses and Counterclaims*: In their first and second assignments, defendants argue that the trial court erred by striking 10 of defendants' 11 affirmative defenses under ORCP 21 E and dismissing its counterclaim against plaintiff under ORCP 21 A. Defendants contend that that was error because their defenses and counterclaim as pleaded were sufficient to defeat a motion to strike or dismiss.

We review orders to strike under ORCP 21 E for abuse of discretion, although we review any predicate legal conclusions for legal error. *Alfieri v. Solomon*, 358 Or 383, 391, 365 P3d 99 (2015). We review the grant of a motion to dismiss under ORCP 21 for legal error. *Chang v. Chun*, 305 Or App 144, 147, 470 P3d 410 (2020).

Under ORCP 21 E(1) and (2), on a party's motion, a trial court may strike "any sham, frivolous, or irrelevant pleading or defense" or "any insufficient defense." Here, defendants' defenses were predicated on the existence of a valid landlord-tenant relationship between plaintiff and defendants. However, the facts as pleaded do not sufficiently allege such a relationship. Thus, even accepting the factual allegations contained in defendants' pleading as true, they are insufficient to establish a cognizable defense against plaintiff's ejectment action or to otherwise raise a substantive legal issue. The trial court therefore properly struck those defenses as irrelevant to the proceedings. *See Ross and Ross*, 240 Or App 435, 440-41, 246 P3d 1179 (2011) (explaining that an "irrelevant" pleading "pertain[s] to matters that are not logically or legally germane to the substance of the parties' dispute" (internal quotation marks omitted)).

Under ORCP 21 A(1)(h), a counterclaim contained in a pleading must "state ultimate facts sufficient to constitute

a claim." Here, defendants' counterclaim as pleaded does not establish facts that constitute a cognizable claim under Oregon law and is similarly predicated on the existence of a valid lease agreement between defendants and plaintiff. Again, even accepting defendant's factual allegations as true, they did not establish a lease agreement directly between defendants and plaintiff. We therefore conclude that the trial court did not err by dismissing defendants' counterclaim.

*Motion for a New Trial*: In defendants' third assignment of error, they argue that the trial court erred in granting plaintiff's motion for a new trial and striking defendants last remaining defense of laches. After a jury returned a verdict in defendants' favor, the trial court granted plaintiff's motion for a new trial under ORCP 64 B(6)[1] on the basis that it committed legal error by allowing an equitable defense to be decided by a jury. It further struck defendants' final defense of laches, concluding that it was inapplicable in an ejectment action. Defendants argue that that was error because a trial court is not permitted to reexamine a jury's findings and conclusions, and because the trial court did not enter a judgment before granting plaintiff's motion.

When the trial court's order of a new trial is based on an interpretation of the law, we review its order for errors of law. *DeWolf v. Mt. Hood Ski Bowl, LLC*, 284 Or App 435, 447, 392 P3d 759, *rev den*, 361 Or 885 (2017).

Actions at law and actions in equity have their bases in two different legal frameworks. A defendant cannot raise an equitable defense to an action at law. Because plaintiff's ejectment case was an action at law, defendants were unable to use laches as a defense. *See Corvallis Sand & Gravel v. Land Board*, 250 Or 319, 324, 439 P2d 575 (1968)

---

[1] ORCP 64 B(6) provides, in relevant part,

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"*****

"(6) Error in law occurring at the trial and objected to or excepted to by the party making the application."

("Ejectment is an action at law and laches is available only against a party seeking the aid of equity."). Thus, even though the jury was initially permitted to decide defendants' affirmative defense of laches, that was error because there is no right to a jury trial of equitable claims or defenses. *See M. K. F. v. Miramontes*, 352 Or 401, 424, 287 P3d 1045 (2012) ("[B]ecause both the affirmative defense of release and the counterclaim for specific performance were equitable in nature, the plaintiff was not entitled to a jury trial on the factual issues that they raised." (Citing *McDowell Welding & Pipefitting v. US Gypsum Co.*, 345 Or 272, 284-86, 193 P3d 9 (2008).)). We acknowledge that the trial court's error in allowing the laches defense to go to the jury contributed to the confusion in this case and the frustration with the legal system that defendants feel, as they discussed at oral argument.

Defendants also argue that the trial court could not grant plaintiff's motion before entering a general judgment reflecting the jury's verdict. Defendants contend that the trial court's failure to do so violated ORCP 64 F(1), which provides that a motion to set aside a judgment and for a new trial, "shall be filed not later than 10 days after the entry of the judgment sought to be set aside." However, that rule does not require a trial court to enter a judgment before a party is permitted to move for a new trial, and defendants do not identify any other legal authority which imposes such a requirement. In other words, the trial court was not required to formally enter the judgment before recognizing its error and setting it aside.

*Motion for Judgment on the Pleadings*: In their fourth assignment of error, defendants argue that the trial court erred when it granted plaintiff's motion for judgment on the pleadings pursuant to ORCP 21 B. We review the grant of a motion for judgment on the pleadings for legal error. *Withers v. State of Oregon*, 133 Or App 377, 382, 891 P2d 675, *rev den*, 321 Or 284 (1995). To prevail on a motion for judgment on the pleadings, "a party must show that the nonmoving party cannot prevail as a matter of law." *Rowlett v. Fagan*, 358 Or 639, 649, 369 P3d 1132 (2016) (internal quotation marks omitted).

In their opening brief, defendants appear to concede that, after the trial court struck its remaining defense of laches, "plaintiff[] could show that [defendants could not] prevail as a matter of law" but argue that is only because the trial court struck all of their affirmative defenses and dismissed its counterclaim. But as we have explained, defendant's arguments do not demonstrate any error in the trial court's rulings to strike defendant's affirmative defenses or dismiss their counterclaim.. We thus conclude that the trial court did not err in granting plaintiff's motion for a judgment on the pleadings.

Defendants also assert that they should have been permitted to amend their pleadings before the trial court granted plaintiff's motion. However, defendants have not assigned error to the denial of their motion for leave to amend, nor have they developed a legal argument as to whether that denial constituted error. An appellant must identify the specific ruling challenged on appeal, show us that the claim of error was adequately preserved in the trial court, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the appellate record.[2] Although we recognize the challenges inherent in representing oneself in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

*Motion for Restoration of Property*: Finally, in defendants' fifth assignment, they argue that the trial court erred by refusing to hear and denying defendants' motion for return of property. Defendants filed a motion for return of that property pursuant to ORS 133.633, which governs

---

[2] *See, e.g.*, ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged."); ORAP 5.45(4)(a) ("The court may decline to consider any assignment of error that requires the court to search the record to find the error or to determine if the error properly was raised and preserved."); ORAP 5.45(5) (standard-of-review requirements).

motions for return of property that has been seized by law enforcement. Because ORS 133.633 does not apply in a civil ejectment action, the trial court properly declined to hear defendants' motion. We express no opinion on whether defendants were, in fact, trying to file an action for conversion. *See Allison v. Dolich*, 321 Or App 721, 731, 518 P3d 591 (2022) ("Conversion is the intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it[.]").

Affirmed.